[Civ. No. 22403.   First Dist., Div. Three.   Oct. 25, 1965.]

THE JOHN DEERE COMPANY OF MOLINE, Plaintiff and Appellant, v. FRANCHISE TAX BOARD, Defendant and Respondent.

Kent & Brookes, Valentine Brookes, Paul E. Anderson and Richard A. Wilson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Ernest P. Goodman, Assistant Attorney General, and Harry W. Low, Deputy Attorney General, for Defendant and Respondent.

DRAPER, P. J.—Additional franchise taxes were assessed to plaintiff for the income years October 31, 1946, through October 31, 1951, and were paid under protest. Plaintiff seeks to recover $68,679.88 of the amount so paid, asserting it to be chargeable only to a sibling corporation. Judgment was for defendant, and plaintiff appeals.

Plaintiff (Moline) and John Deere Killefer Company (Killefer) do business in California. They are but two of a large number of corporations wholly owned by Deere and Company. The parent corporation, through its many subsidiaries, operates nationwide. The California franchise tax liability of this group was the subject of earlier litigation by plaintiff, under its then corporate name. In 1951, the Supreme Court denied recovery of taxes paid under protest for the income year 1937 (*John Deere Plow Co.* v. *Franchise Tax Board,* 38 Cal.2d 214 [238 P.2d 569], app. dism. 343 U.S. 939 [72 S.Ct. 1036, 96 L.Ed. 1345]). The operations of parent and subsidiaries were held to constitute a unitary business, with income attributable to California for franchise tax purposes being determined by allocation under formula.

Respondent then commenced recomputation of taxes on account of the California operations of the group for the income years from 1938 through 1951. Extended negotiation between the tax board and the group to be charged followed. Many letters and masses of data and computations were exchanged, and a number of personal conferences were held. Moline and Killefer, as the two subsidiaries directly doing business in California, were the nominal taxpayers, but all negotiations were carried on for them by the parent corporation, which in fact paid under protest the funds here sought to be recovered.

By letter of December 1, 1953, more than 11 months before issuance of notices of assessment, defendant advised the parent company that the assessments would be levied against plaintiff Moline alone unless "you would prefer" allocation between the California corporations. There is testimony that this is the board's established administrative procedure in its dealings with unitary operations. Throughout the extensive oral and written discussions thereafter, the Deere group made no suggestion that it desired allocation of the taxes, even though the board's letter of November 5, 1954, had again stated its intention to assess all to Moline.

On November 12, 1954, respondent wrote to the parent company that it was that day issuing notices of additional assessments for the years November 1, 1937, to October 31,

1951. It did so. Letter and notices made clear that the assessments were based upon income of both Moline and Killefer. Notice for each of the income years 1946-51 showed a total charged to Moline but stated the amounts attributable to it and to Killefer.

Moline filed a protest January 18, 1955. It was long and detailed, but did not even mention inclusion of Killefer income in the assessment directed to Moline. Like silence prevails through much correspondence and a conference which led to downward adjustments in the assessments. By petition for redetermination filed March 9, 1956, Moline for the first time objected to the inclusion in its tax basis of income of Killefer. Meanwhile, on January 15, 1956, the statute of limitations had run against assessment to Killefer for the last of the years in issue. The Board of Equalization somewhat reduced the assessments, but with that modification affirmed them. This action followed. Plaintiff's sole claim is that it cannot be assessed for taxes attributable to the Killefer operations.

The trial court found that plaintiff, Killefer, and the parent company all consented to the assessment of taxes upon the entire California operation against plaintiff Moline; that none of them objected, either orally or in writing, to that method of assessment until after separate assessments to Killefer for the share attributable to it were barred by the statute; and that defendant board reasonably relied, to its detriment, upon this failure to object.

■ Negotiations were continuous from the time respondent's letter advised the taxpayers of its intention to levy against Moline alone, unless separate assessments were requested. Yet no objection was made to the combined assessment, and no request for separate assessments was even suggested, during the more than 11 months ensuing before the assessments issued. This evidence supports the finding of consent. That finding is further supported by the evidence of continued silence for more than 16 months after issuance of the assessments—a silence which remained unbroken until two months after the statute had run in favor of Killefer on the last assessment. ■ Concededly, it is most unusual for a taxing authority to be lulled into reliance to its detriment, but the evidence of 27 months of complete silence after the customary offer of separate assessments, if desired, is sufficient to sustain the finding of such reliance.

There is no dispute that the amount assessed to Moline is properly due from the California operation of the Deere

unitary group. We do not apply a rule of formal estoppel. ██ We do point out that a taxpayer seeking a refund may recover only if it be shown that more taxes have been exacted than in equity and good conscience should have been paid (*Pacific Fruit Express Co.* v. *McColgan,* 67 Cal.App.2d 93, 96, 104 [153 P.2d 607]). No such showing is made here.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied November 15, 1965.